IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY QUINONES, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| LOWE'S HOME CENTERS, LLC (NC), ) | |
| ) | |
| Defendant. ) | |
| _____ | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Mary Quinones ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to the Age Discrimination in Employment Act ("ADEA") against Lowe's Home Centers, LLC, and shows the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**FACTUAL ALLEGATIONS**

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

The EEOC issued a Determination finding that there is reasonable cause to conclude that Plaintiff was discriminated against because of her age and discharged in retaliation of opposing unlawful employment practices, in violation of the Age Discrimination in Employment Act of 1967, as amended.

8.

Plaintiff requested the right to sue on her charge from the EEOC. The EEOC issued a "Notice of Right to Sue" on December 16, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

10.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADEA.

11.

Plaintiff began her employment with Defendant in September 2018 as a night stocker.

12.

At the time of her termination, Plaintiff was 57 years old.

13.

Throughout November 2019, Vernetta Gregory, Operations Assistant Store Manager, frequently made derogatory comments regarding Plaintiff's age, and repeatedly criticized Plaintiff's work.

14.

For example, Ms. Gregory remarked that Plaintiff was slow, that Plaintiff was not productive because she was old, that this job might be too much for her, and she recommened that Plaintiff look for another type of work.

15.

In response to these comments, on or about December 29, 2019, Plaintiff called Defendant's hot line to file an internal complaint.

16.

In or around the beginning of January 2020, Plaintiff's hours were cut from five days a week to three days a week, and her pay was cut in accordance with the reduction in hours.

17.

On or about February 11, 2020, Plaintiff received a call from a representative from Defendant's internal complaint hotline and Plaintiff again complained about Ms. Gregory's discriminatory treatment of Plaintiff, including the derogatory comments she made regarding Plaintiff's age.

18.

When Plaintiff went to check her schedule on or around February 16, 2020, she discovered that she was only scheduled for Saturday, February 22, 2020, despite never having worked a Saturday and having no availiabilty on Saturdays.

19.

Sometime following February 16, 2020, Plaintiff's schedule was changed without her knowledge such that she was scheduled to work February 17, 2020 through February 19, 2020.

20.

Plaintiff was never notified that her schedule had changed and that she was expected to work February 17, 2020 through February 19, 2020.

21.

On or around February 24, 2020, Plaintiff's employment was terminated. The reason given for Plaintiff's termination was that she had no-call no-showed for three consecutive days.

22.

Defendant did not contact Plaintiff to advise her that she had not come to work as scheduled on Feburary 17, 2020, February 18, 2020, or February 19, 2020.

23.

Any reason given for terminating Plaintiff's employment is pretext for unlawful age discrimination.

24.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary losses, including lost wages, for which she is entitled to recover from Defendant.

## CLAIM FOR RELIEF

## VIOLATION OF THE AGE DISRCIMINATION IN EMPLOYMENT ACT

25.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

26.

The ADEA prohibits employment discrimination on the basis of age.

27.

At all times relevant, Plaintiff was a member of a protected class, i.e. she was over 40 years old.

28.

Plaintiff was qualified to perform the position at issue.

29.

Plaintiff was terminated because of her protected characteristic, i.e. because of her age.

30.

In reducing Plaintiff's hours and terminating Plaintiff's employment, Defendant discriminated against Plaintiff, on the basis of age, in violation of the ADEA.

31.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

32.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, lost wages. Plaintiff is also entitled to liquidated damages on her lost wages and other damages.

33.

Plaintiff's age was the determinative factor in Defendant's decision to terminate Plaintiff's employment.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages and/or liquidated damages, back-pay, lost benefits and prejudgment interest thereon;

(b) All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(c) All relief available under the ADEA;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues so triable;

(f)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g)     All other relief to which she may be entitled.

This 18th day of February, 2022.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
Severin@justiceatwork.com